## DURR DRUG CO. v. UNITED STATES.
### District Court, M. D. Alabama, N. D.
#### March 25, 1938.

Archie H. Arrington, of Montgomery, Ala., for plaintiff.

Thomas D. Samford, U. S. Atty., of Montgomery, Ala., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and William J. Samford, Sp. Assts. to Atty. Gen.

CHARLES B. KENNAMER, District Judge.

By agreement of the plaintiff and the defendant, made in writing, and signed by the attorneys of record for the respective parties, this case was tried before the court; a jury being expressly waived.

The evidence in the case, and all the evidence, is the facts stipulated as follows:

"Durr Drug Company is a corporation organized in 1906 and existing under and by virtue of the laws of the State of Ala-bama, and engaged in the wholesale drug business, with its office and principal place of business in Montgomery, Alabama. On February 20, 1934 the Durr Drug Company filed its corporation income and excess profits tax return for the year 1933 under the Federal Taxing Laws with the United States Collector of Internal Revenue for the District of Alabama, showing a net loss of $3,127.96, and hence no tax due.

"The Commissioner of Internal Revenue determined a tax deficiency against the plaintiff of $1,129.65 for the said year 1933 on account of proceeds it received during that year from life insurance contracts on the life of one W. R. Wylie and assessed the same on May 25, 1936. On June 2, 1936 the plaintiff paid the amount of the tax assessed amounting to the sum of $1,129.65, together with interest thereon in the sum of $148.15, or a total of $1,-277.80. On June 12, 1936 a claim for refund was filed by the plaintiff in the amount of $1,277.80 plus interest and the claim was disallowed by the Commissioner of Internal Revenue on September 14, 1936, whereupon this suit was instituted.

"The said W. R. Wylie was employed by the plaintiff as a travelling salesman for about twenty-five years next preceding his death, and was a minority stockholder of the plaintiff and the plaintiff claimed the following amounts as deductible items on its income tax return for the years indicated as bad debts owed by the said Wylie:

| Year | Amount charged off as worthless and uncollectible |
|---|---|
| 1929 | $ 2,350.00 |
| 1930 | 16,500.00 |
| 1931 | 2,610.85 |
| 1932 | 1,397.68 |
| 1933 | 6,294.33 |
| | $29,152.86 |

"In 1930 the management of the plaintiff Durr Drug Company prevailed upon the said W. R. Wylie to insure his life, making Durr Drug Company the beneficiary, with the understanding that the Durr Drug Company was to pay all the premiums, which was done, and the policies on his life were issued to the Durr Drug Company, and in which policies the Durr Drug Company was named as beneficiary, and the said Durr Drug Company paid all the premiums on said insurance up to the

time of the said Wylie's death in the year 1933, and none of the premiums were charged back to the said Wylie. At the time these insurance policies, totalling the face value of $15,000.00, were taken out, the said Wylie was the primary obligor, and indebted to the plaintiff in an amount in excess of $15,000.00. The plaintiff, at the time these policies were taken out, employed several salesmen and carried insurance on none of them except the said Wylie, nor had ever carried insurance on other salesmen.

"The plaintiff has received from the said insurance contracts the amount of $15,147.24, being the amount of the proceeds from the insurance policies, plus the accumulated interest thereon, and this amount was paid by the insurance companies to and received by the plaintiff in the year 1933 on account of the said Wylie's death. The plaintiff paid premiums on the said policies in the sum of $2,498.73, which has been credited before computing the tax due. The net proceeds of $12,648.49 were not included by the plaintiff as taxable income, and it is upon this amount that the Commissioner determined the said tax deficiency of $1,129.65 for 1933."

### Conclusions of Law and Opinion of the Court.

The plaintiff had no insurable interest in the insured, except the indebtedness due from the insured to the plaintiff. The plaintiff did have a legal right to indemnify itself against the loss of the debt the insured owed to it by entering into an arrangement or agreement with the insured, W. R. Wylie, whereby the insurance would be obtained. and paid for by the plaintiff, on the life of W. R. Wylie, plaintiff's debtor, and would, in the event of W. R. Wylie's death, protect or indemnify the plaintiff, who was Wylie's creditor, against loss of the debt Wylie was owing to plaintiff. This is what the parties did. It was in legal effect the same transaction it would have been had Wylie obtained the insurance, made payable to himself, and then transferred or assigned the benefits to be paid to the plaintiff or his creditor.

Giving effect to the substance of the transaction, rather than the form, the insurance paid to the plaintiff was within the exception as provided for in paragraph 2 of the act, Revenue Act of 1932, § 22(b)(2), 26 U.S.C.A. § 22 note, which requires the payment of the tax on the net proceeds derived from assigned or transferred insurance.

Judgment will be entered for the defendant, and the plaintiff taxed with the cost.